UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:06-cr-0281 MCE KJN P |
|---|---|
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JAVIER HERNANDEZ, | |
| Movant. | |

Movant is a federal prisoner proceeding without counsel with a motion to reduce his sentence pursuant to the amendment to the drug quantity table, also known as the "Drug Minus Two Act." (ECF No. 68 at 2.) Movant contends that the Sentencing Commission voted this act into law and the act was made retroactive by the United States Attorney General in March of 2014, when "by written and verbal order" Eric Holder "ordered all federal prosecutors to 'not oppose any sentence that would fall under the new more lenient guidelines.'" (ECF No. 68 at 2.)

The Court of Appeals for the Ninth Circuit stated that:

> the district court is required to apply the guidelines in effect at the time of sentencing.  18 U.S.C. § 3553(a)(4)(A)(ii).  Subsequent amendments to the guidelines can only be considered if the amendment is clarifying existing law (a nonsubstantive change) or listed as retroactive under U.S. Guidelines Manual § 1B1.10(c).

United States v. Urena, 659 F.3d 903, 909 (9th Cir. 2011), citing United States v. Morgan, 376 F.3d 1002, 1010-11 (9th Cir. 2004).  "The guidelines provide that when a change is not

1

designated as retroactive, it is not to have retroactive effect to reduce a prison term. See U.S. Guidelines Manual § 1B1.10(a)(2)." Urena, 659 F.3d at 909. In Urena, the amendment at issue, Amendment 742, had been implemented, but the amendment was not listed as a retroactive change, and therefore did not have retroactive effect. Urena, 659 F.3d at 909.

Here, the amendment to the drug quantity table was published by the United States Sentencing Commission in January of 2014 for a sixty day period of public comment.[1] "Notice of proposed amendments to sentencing guidelines, policy statements, and commentary. . . .," 79 Fed. Reg. 3280-01 (January 17, 2014). In April of 2014, the Sentencing Commission approved the amendment to the drug quantity table, and Congress has until November 1, 2014, to consider whether to formally disapprove the amendment. If Congress does not disapprove the amendment, it will become effective November 1, 2014, and those defendants who have not yet been sentenced by November 1, 2014, will get benefit of the amendment, provided the amendment to the drug quantity table applies to each defendant's circumstances. At present, the proposed amendment does not contain a retroactivity clause; therefore, the amended guidelines will not apply to defendants sentenced prior to November 1, 2014, unless the Sentencing Commission passes another amendment identifying the amendment to the drug quantity table as one intended to be applied to defendants already sentenced under the old guidelines.

Indeed, the Sentencing Commission recently sought public comment by July 7, 2014, on the issue of whether to retroactively apply the amendment to the drug quantity table. "Notice of (1) submission to Congress of amendments to the sentencing guidelines effective November 1, 2014; and (2) request for comment," 79 Fed. Reg. 25996-02 (May 6, 2014). In addition, the Sentencing Commission's website notes that "[o]n June 10, 2014, the Commission will hear testimony from invited witnesses on whether the amendment to the drug quantity table sent to Congress in April should be applied retroactively." United States Sentencing Commission, http://www.ussc.gov/ (last visited June 3, 2014).

---

[1] The United States Sentencing Commission has a public website where movant (or his family members) can review the proposed amendments and monitor the progress of the proposed amended guidelines. http://www.ussc.gov/.

Here, movant was sentenced on April 3, 2008, pursuant to the sentencing guidelines in effect at that time. Because the amendment to the drug quantity table has not yet been approved by Congress, the motion to reduce movant's sentence is premature. Movant cannot challenge the application of the amendment to the drug quantity table unless or until it becomes effective. Moreover, movant's equal protection challenge based on the alleged change in policy by the United States Attorney General[2] is also unavailing because movant is not similarly situated to prisoners who have not yet been sentenced for their crimes. Thus, the motion to reduce movant's sentence is premature and should be denied without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to reduce movant's sentence (ECF No. 68) be denied without prejudice; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:14-cv-1299 MCE KJN.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, movant may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 9, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hern0281.256

---

[2] The March 13, 2014 Press Release notes that the Sentencing Commission was expected to vote on the proposed amendment endorsed by Holder in April, and that "[u]ntil then, the Justice Department will direct prosecutors not to object if defendants in court seek to have the newly proposed guidelines applied to them during sentencing." The United States Department of Justice, Office of Public Affairs, "Attorney General Holder Urges Changes in Federal Sentencing Guidelines to Reserve Harshest Penalties for Most Serious Drug Traffickers," http://www.justice.gov/opa/pr/2014/March/14-ag-263.html (last visited June 3, 2014).